# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ABDIEL ECHEVERRIA and ISABEL SANTAMARIA,**

                **Plaintiffs,**

**-vs-**                                  **Case No.  6:10-cv-1933-Orl-28DAB**

**BAC HOME LOANS SERVICING, LP, and
BANK OF AMERICA, N.A.,**

                **Defendants.**

_____

# ORDER

In this case, Plaintiffs, Abdiel Echeverria ("Mr. Echeverria") and Isabel Santamaria ("Ms. Santamaria"), have filed a five-count pro se Second Amended Verified Complaint ("SAC") (Doc. 31) against Defendants, BAC Home Loans Service, LP ("BAC") and Bank of America, N.A. ("BOA") stemming from actions taken by BAC while servicing Plaintiffs' home loan.  This case is now before the Court on Defendants' Motion to Dismiss (Doc. 33) and Plaintiffs' Response thereto (Doc. 37).  As discussed below, Defendants' motion shall be granted, but Plaintiffs will be granted leave to amend some of their claims.

## I.  Motion to Dismiss Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief.'" Fed. R. Civ. P. 8(a)(2).  "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129

S. Ct. 1937, 1949 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 570).  In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed."  <u>LaGrasta v. First Union Sec., Inc.</u>, 358 F.3d 840, 845 (11th Cir. 2004).

## II.  Background

Plaintiffs purchased their current residence at 499 Cellini Avenue NE, Palm Bay, Florida on February 29, 2008, with loan assistance from the Federal Housing Administration. (SAC ¶¶ 1, 18).  On the same day, Plaintiffs executed a promissory note in favor of the original lender, Taylor, Bean & Whitaker Mortgage Corporation ("TBW").  (SAC ¶¶ 18, 85). Due to financial troubles that began in 2008, Plaintiffs requested a loan modification from TBW in May or June of 2009, but TBW did not provide Plaintiffs with any information regarding loan modification.  (<u>Id.</u> ¶¶ 19-20).  Thereafter, in September 2009, Plaintiffs were informed by a third party not affiliated with TBW or Defendants that their loan had been sold to BAC.  Plaintiffs immediately requested a loan modification from BAC but were told that they did not qualify.  (<u>Id.</u> ¶ 21).  Over the following year, Plaintiffs' financial situation further deteriorated, causing them to fall behind on their payments.  (<u>Id.</u> ¶¶ 23, 40-42).  There were discrepancies, however, between Plaintiffs and BAC as to how far behind Plaintiffs were on their payments and how much Plaintiffs owed BAC, (<u>id.</u> ¶¶ 21-22, 25-39); during this time period, Plaintiffs continued to request a loan modification but were denied such assistance,

(id. ¶¶ 24, 26).

## III.  Analysis

Plaintiffs allege five counts against Defendants–violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. (Count One); Breach of Contract (Count Two); "Intentional Misrepresentation" (Count Three); violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 et seq. (Count Four); and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq. (Count Five).  Defendants move to dismiss all five counts.

### A.  Count One–RESPA

"RESPA provides for certain disclosure requirements to be followed by the entities or persons responsible for servicing a federally related mortgage loan, including disclosures of any assignment, sale, or transfer of the loan." McCarley v. KPMG Int'l, 293 F. App'x 719, 722 (11th Cir. 2008).  Plaintiffs allege that Defendants violated § 2605(e) by failing to respond in a "proper and timely way" to Plaintiffs' "qualified written requests" and that Defendants violated § 2605(c) by failing to send Plaintiffs a notice that the loan had been transferred to BAC within the statutorily required time period.

#### I.  Section 2605(e)

To state a claim under § 2605(e), Plaintiff must allege: (1) that Defendants are servicers; (2) that they received a qualified written request ("QWR") from the borrower; (3) that the QWR related to the servicing of the loan; (4) that Defendants failed to adequately respond; and (5) that Plaintiffs are entitled to actual or statutory damages.  12 U.S.C. § 2605(e); Frazile v. EMC Mortg. Corp., 382 F. App'x 833, 836 (11th Cir. 2010) (holding that

a damages allegation "is a necessary element of any claim under § 2605"). Defendants assert that none of Plaintiffs' communications were QWRs and that Plaintiffs' communications regarding loan modification were not related to the servicing of the loan. Defendants' arguments are well-taken.

"The term 'servicing' means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts . . . and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).  Thus, requests for information about a loan modification are not related to "servicing" of the loan as defined in RESPA because loan modifications do not involve receiving and making scheduled periodic payments from the borrower as required pursuant to the terms of the loan; rather, loan modification requests involve changing the terms of the loan.  In re Salvador, 456 B.R. 610, 623 (Bankr. M.D. Ga. 2011).

Moreover, none of Plaintiffs' other alleged communications with Defendants amount to a QWR.  A QWR is defined as:

> [A] written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that–
>
>> (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
>
>> (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B).  In other words, under subsection (ii) a QWR must (1) give a statement of the reasons that the account was in error, or (2) seek other information

regarding the servicing of the loan.  Plaintiffs have not alleged any written communications with Defendants that relate to the servicing of their loan and either give a statement of reasons that the account was in error or seek other information.  Accordingly, Plaintiffs fail to state a claim under § 2605(e).

### ii.  Section 2605(c)

Pursuant to § 2605(c), "[e]ach transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer . . . not more than 15 days after the effective date of transfer" unless certain exceptions apply.  Although Plaintiffs have adequately alleged that Defendants failed to make the required disclosures, the SAC fails to state a claim under § 2605(c) because Plaintiffs fail to adequately allege damages.

Plaintiffs do not qualify for statutory damages pursuant to § 2605(f)(1)(B) because they have not sufficiently alleged a "pattern or practice" of RESPA violations by Defendants. Accordingly, Plaintiffs must allege "actual damages." McLean v. GMAC Mortg. Corp., 398 F. App'x 467, 471 (11th Cir. 2010).  Plaintiffs assert that they "suffered damages including but not limited to loss of credit, emotional harm, additional medical expenses, embarrassment and humiliation" and that they "incurred health issues due to Defendants['] malicious practices."  (SAC ¶ 81).  While "actual damages" may include non-pecuniary damages, Plaintiffs must adequately plead a causal link between such damages and the financing institution's violations of RESPA.  McLean, 398 F. App'x at 471.  Plaintiffs fail to allege any causal connection between Defendants' failure to disclose that they were the new servicer of Plaintiffs' loan and Plaintiffs' alleged damages.  Accordingly, Plaintiffs' § 2605(c)

claim will be dismissed but they will be allowed leave to amend Count I.

### B.  Count Two–Breach of Contract

Plaintiffs' claim for breach of contract concerns the Promissory Note they "signed . . . to create and secure the indebtedness on their home." (SAC ¶ 85).  Plaintiffs assert that BAC failed to comply with the provisions in the Note requiring compliance with Housing and Urban Development ("HUD") regulations as a precondition to foreclosure  (Id. ¶¶ 85, 87).  Plaintiffs, however, do not allege that Defendants have undertaken foreclosure proceedings, and therefore they have not adequately pleaded a breach of the Promissory Note.  Rather, Plaintiffs appear to want this Court to rule that "foreclosure is not an available remedy at this time" due to the HUD regulations.  (Id. ¶ 85).  HUD regulations, however, "deal only with the relations between the mortgagee and the government, and give the mortgagor no claim to duty owed nor remedy for failure to follow."  Roberts v. Cameron-Brown Co., 556 F.2d 356, 360 (5th Cir. 1977).  Furthermore, even if HUD regulations provided a private cause of action, such a claim would not be for breach of contract.  Accordingly, Plaintiffs' Breach of Contract claim shall be dismissed with prejudice.

### C.  Count Three–"Intentional Misrepresentation"

Although Count Three is labeled as "Intentional Misrepresentation," Plaintiffs are apparently trying to allege fraudulent misrepresentation.  "In the state of Florida, relief for a fraudulent misrepresentation may only be granted only when the following elements are present: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and, (4) consequent injury by the party acting in reliance on the representation."

Johnson v. Davis, 480 So. 2d 625, 627 (Fla. 1985).

Allegations of fraud must satisfy a heightened pleading standard under Federal Rule of Civil Procedure 9(b).  Such allegations must state with particularity the circumstances constituting the fraud. Fed. R. Civ. P. 9(b).  This rule serves an important function "by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges." Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 1997) (internal quotation and citations omitted).  Rule 9(b) is satisfied if Plaintiffs set forth "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." Id.  In a case which involves multiple defendants, as this one does, "'the complaint should inform each defendant of the nature of his alleged participation in the fraud.'" Ambrosia Coal & Constr. Co. v. Pages Morales, 482 F.3d 1309, 1317 (11th Cir. 2007) (quoting Brooks v. Blue Cross & Blue Shields of Fla., Inc., 116 F.3d 1364, 1381 (11th Cir. 1997)).

Plaintiffs have not included any specific factual allegations in the SAC that would satisfy the heightened pleading standards for fraud under Rule 9(b).  Plaintiffs fail to set forth the precise statements made, the time and place of each statement, the person responsible for making the statement, the content of each statement, or what Defendants gained as a consequence of any statements to Plaintiffs.   Plaintiffs' broad assertions regarding Defendants' customers other than Plaintiffs are wholly unsupported.  Moreover, Plaintiffs'

attempts to claim they relied on Defendants' false statements as to their account status are belied by their assertions that they knew the account statements to be false. (See, e.g., SAC ¶¶ 25 & 28). Similarly, Plaintiffs' claims that Defendants made misrepresentations regarding the loan modification are also belied by their assertions that they were "always kept in the dark about their loan modification process." (Id. ¶ 68). Accordingly, Plaintiffs have failed to state a claim with sufficient particularity under Rule 9 and Count Three shall be dismissed without prejudice and with leave to amend.

### D.  Count Four–FDCPA

The FDCPA protects consumers from "abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). As such, in order to be liable under the FDCPA, Defendants must qualify as "debt collectors." The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Additionally, "[u]nder the FDCPA, consumer's creditors, a mortgage servicing company, or an assignee of a debt are not considered 'debt collectors,' as long as the debt was not in default at the time it was assigned." Reese v. JPMorgan Chase & Co., 686 F. Supp. 2d 1291, 1307 (S.D. Fla. 2009). According to Plaintiffs' allegations, Plaintiffs' debt was not in default at the time it was assigned. (See SAC ¶ 19 ("[Plaintiffs] continued to pay their mortgage and continued to have perfect credit with [TBW]"), ¶ 22 (alleging that Plaintiffs had an account overage)). Thus, according to Plaintiffs' own allegations, Defendants cannot qualify as "debt collectors" within the meaning of the FDCPA, and Count

Four will be dismissed with prejudice.

### E.  Count Five–RICO

Plaintiffs allege that Defendants violated § 1962(c) by engaging in the "racketeering activities" of "fraud, embezzlement, theft and obstruction of justice."  (Id. ¶¶ 110, 120).  To state a claim for violations of § 1962(c), Plaintiffs must allege "a 'person,' an 'enterprise,' and a 'pattern of racketeering activity,' and such elements must be pled separately in the complaint."  Dudley Enters., Inc. v. Palmer Corp., 822 F. Supp. 496, 501 (N.D. Ill. 1993).  Plaintiffs allege that BAC is both the "person" and the "enterprise" within its claim, and therefore Plaintiffs fail to state a RICO claim.  See id. (noting that a "corporation cannot be an enterprise and also be liable as a person" under § 1962(c)).

Additionally, Plaintiffs "must show at least two racketeering predicates that are related, and that they amount to or pose a threat of continued criminal activity."  Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290-91 (11th Cir. 2010) (citing H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 240 (1989)).  Plaintiffs have not done so.  Although Plaintiffs claim fraud, embezzlement, theft, and obstruction of justice, they wholly fail to set forth the specifics of any such claimed predicate act to pass the plausibility test.  There is nothing in the SAC to show that any of these acts took place; instead, there are only general allegations, unsubstantiated by the facts.

Plaintiffs have also failed to allege economic injury arising from Defendants' actions under § 1962(c).  Plaintiffs allege only that they "were injured as a result of Defendant's [sic] wrongful acts," (SAC ¶ 122), and they "request actual, statutory, and punitive damages," (id. ¶ 123).  The only injuries that Plaintiffs claim in the SAC relate to physical injuries such as

"severe anxiety, stress, and depression." (See, e.g., id. ¶ 43).  RICO provides for recovery only for "[a]ny person injured in his business or property." 18 U.S.C. § 1964(c).  "[T]he Supreme Court has declared that Congress' limitation of recovery to business or property injury 'retains restrictive significance.  It would for example exclude personal injuries suffered.'" Genty v. Resolution Trust Corp., 937 F.2d 900, 918 (3d Cir. 1991) (citing Reiter v. Sonotone Corp., 442 U.S. 330, 339 (1979)).  As Plaintiffs only allege physical damages as a result of Defendants' actions, Plaintiffs have also failed to plead this essential element of a RICO action.  Accordingly, Count Five will be dismissed, though Plaintiffs will be afforded an opportunity to replead this claim.

## IV.  Conclusion

In accordance with the foregoing, Defendants' Motion to Dismiss (Doc. 33) is **GRANTED** and Plaintiffs' Second Amended Complaint is **DISMISSED**.  Counts Two and Four are **DISMISSED with prejudice**; all other Counts are **DISMISSED without prejudice**. Because Plaintiffs are proceeding pro se, they are granted leave to file a Third Amended Complaint **on or before Friday April 13, 2012,** as to Counts One, Three, and Five if they can, in good faith, state a claim for relief.

**DONE** and **ORDERED** in Orlando, Florida this 30th day of March, 2012.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party